1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | Case No. 1:06-CV-00392-AWI-DLB |
| Plaintiff, | |
| v. | ORDER GRANTING GREAT AMERICAN INSURANCE COMPANY'S MOTION FOR PRELIMINARY INJUNCTION |
| M.J. MENEFEE CONSTRUCTION, INC., a California corporation; MICHAEL J. MENEFEE, an individual; and DEBORAH MENEFEE, an individual, | (Documents #33 & #45) |
| Defendants. | |

---

**ORDER**

TO DEFENDANTS M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J. MENEFEE and DEBORAH MENEFEE (collectively "Defendants") AND TO EACH OF THEIR OFFICERS, AGENTS, SERVANTS, EMPLOYEES, ATTORNEYS, OR ANY OTHER PERSONS IN ACTIVE CONCERT OR PARTICIPATION WITH THEM:

WHEREAS, on June 26, 2006, this Motion for Preliminary Injunction (the "Motion") brought by Plaintiff GREAT AMERICAN INSURANCE COMPANY (hereinafter "Great American"), came on regularly for hearing at 1:30 p.m., in Department Two.

In the motion, Great American seeks a Preliminary Injunction restraining and enjoining Defendants from dissipating assets, and requiring them to post collateral, provide

1.

1  access to personal and corporate books and records, and open a trust funds account with Great

2  American pending an adjudication of Great American's rights and Defendants' obligations

3  under the terms of an Agreement of Indemnity dated October 25, 2001 ("Indemnity

4  Agreement") executed by each of the Defendants in favor of Great American.  The Motion was

5  supported by Great American's Complaint and the attached exhibit, the notice of motion and

6  motion, the memorandum of points and authorities, the Declarations of Thomas Pettygrove and

7  James D. Curran, and on oral argument presented during the hearing.

8       WHEREAS, on April 6, 2006, Great American filed suit against Defendants in this

9  Court for Breach of Contract, Specific Performance of Written Indemnity Agreement, Quia

10  Timet, and Injunctive Relief.  On June 7, 2006, the Clerk of the United States District Court for

11  the Eastern District of California entered a default as to each of the three Defendants.

12       WHEREAS, this Court finds that Great American will probably succeed on the

13  merits of its Complaint against Defendants.

14       WHEREAS, this Court finds that Great American will be subjected to immediate and

15  irreparable injury should Defendants be allowed to dissipate their assets and continue to refuse

16  to post collateral, provide access to books and records, and open a trust funds account with

17  Great American.  Defendants are deeply in debt and unable to meet their financial obligations

18  to Great American.  As each day passes, additional claims are made on the payment and

19  performance bonds issued by Great American at the request of Defendants ("the Bonds"), and

20  Great American's damages are increasing dramatically.  Great American is unable to

21  effectively evaluate each claim, as Defendants refuse to provide access to their corporate books

22  and records.  Additionally, if Defendants are not required to immediately deposit project funds

23  in a trust account, there is a distinct possibility that Defendants will further encumber their

24  personal and corporate assets, and spend bonded contract funds which should be managed by

25  Great American to pay for the claims made against the Bonds.

26       WHEREAS, this Court further finds that Great American's legal remedies are

27  inadequate in that only in equity can Great American obtain specific performance of the terms

28  of the Indemnity Agreement pursuant to which Defendants agreed to post collateral upon

ORDER GRANTING GREAT AMERICAN INSURANCE                    CASE NO. 1:06-CV-00392-AWI-DLB
COMPANY'S MOTION FOR PRELIMINARY INJUNCTION

1  demand by plaintiff, provide complete access to personal and corporate books and records,

2  open a trust funds account and joint check with Great American.  In the absence of this Order

3  requiring Defendants to open a trust funds account and joint check with Great American, Great

4  American's indemnification rights will be irreparably damaged because Defendants' assets

5  may be dissipated decreasing Great American's likelihood of recovery from Defendants.

6        WHEREAS, this Court finds that Defendants had adequate notice of Great American's

7  motion and an opportunity to oppose it.

8        After consideration of the papers and oral argument presented at the hearing, and

9  good cause appearing therefore,

10       IT IS HEREBY ORDERED that Great American's motion for a preliminary injunction

11 is GRANTED.

12       IT IS HEREBY FURTHER ORDERED that,

13       (1)     Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J.

14 MENEFEE and DEBORAH MENEFEE, and each of them, and each of their officers, agents,

15 servants, employees and attorneys and those in active concert or participation with Defendants

16 or such persons, or any of them, are restrained and enjoined from dissipating, spending, or

17 otherwise disposing of or encumbering any of their personal or corporate assets or property.

18       (2)     Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J.

19 MENEFEE and DEBORAH MENEFEE, and each of them, specifically perform the Collateral

20 provisions of the Indemnity Agreement, requiring Defendants to convey to Great American

21 funds or property to serve as collateral in the total amount of $1,196,998.11.

22       (3)     Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J.

23 MENEFEE and DEBORAH MENEFEE, and each of them, specifically perform the Books and

24 Records provisions of the Indemnity Agreement, requiring Defendants to convey to Great

25 American for examination and review:

26

27

28

ORDER GRANTING GREAT AMERICAN INSURANCE          CASE NO. 1:06-CV-00392-AWI-DLB
COMPANY'S MOTION FOR PRELIMINARY INJUNCTION

1 • Complete copies of the Contracts relating to projects bonded by Great American

2 ("the Projects"), including their plans and specifications, along with any modifications

3 including but not limited to all change orders (approved and pending);

4 • Copies of all pay requests relating to the Projects and any checks issued by the

5 obligees for work performed under the Contracts;

6 • Copies of all pay requests, invoices, purchase orders and the like from

7 subcontractors and suppliers on the Projects, as well as all payments made to subcontractors

8 and suppliers; and a current accounting of any unpaid balances owed by M.J. Menefee

9 Construction, Inc. ("Menefee Construction") to them, including retainage;

10 • Copies of all correspondence between Defendants, the Obligees, and /or others

11 relating to the performance of the Projects;

12 • Copies of all reports, meeting minutes, schedules, claim/daily logs, change

13 order logs, requests for information and/or other information relevant to the projects;

14 • A comprehensive listing of all the uncompleted work remaining to be performed

15 on the Projects as well as any assessments of deficiencies in the Projects' plans and

16 specifications;

17 • A comprehensive listing of all the suppliers and subcontractors used for

18 completing any of the Projects.  The information should contain the company name, address,

19 telephone number, fax number, contact person, scope of work, time for completion, value of

20 the subcontract/purchase order and any presently known areas of contention;

21 • A comprehensive listing of all unasserted and/or unapproved modifications,

22 claims and/or change orders that Menefee Construction has asserted or may assert against the

23 Obligees in relation to the projects, including Menefee Construction's claims against any

24 related bonds;

25 • Documentation including, but not limited to correspondence between

26 Defendants and subcontractors and obligees, memorandums, written agreements, project

27 reports, invoices, pay requests, offsets, or backcharges;

28 ///

ORDER GRANTING GREAT AMERICAN INSURANCE                    CASE NO. 1:06-CV-00392-AWI-DLB
COMPANY'S MOTION FOR PRELIMINARY INJUNCTION

1    •    Documentation including, but not limited to correspondence between

2    Defendants and subcontractors and obligees, memorandums, written agreements, project

3    reports, invoices, and pay requests that supports any and all defenses Great American may

4    have to the claims made on the Bonds.

5    •    A current balance sheet detailing Defendants' personal and corporate assets and

6    liabilities;

7    •    Each of Defendants' 2002, 2003, 2004, and 2005 Federal Income Tax Returns;

8    •    Menefee Construction Insurance information;

9    •    A current work-in-progress report detailing your current accounts receivable;

10    •    Payroll reports detailing all Menefee employees working on the Projects; and

11    •    Any and all corporate or personal information found within Defendants'

12    computers, computer disks, hard drives.  This also includes computers, computer disks and

13    hard drives which are no longer in use by Defendants.

14    (4)    Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J.

15    MENEFEE and DEBORAH MENEFEE, and each of them, to specifically perform the Trust

16    Funds provisions of the Indemnity Agreement, requiring Defendants to deposit all funds

17    received from payments on each of the foregoing projects to designated trust accounts set up

18    by Great American at City National Bank, 150 California Street, San Francisco, California

19    94111.

20    (5)    Great American is authorized to use the funds deposited in the trust accounts set

21    up by Great American at City National Bank, 150 California Street, San Francisco, California

22    94111 to pay valid claims made against the Bonds.  Great American will provide an accounting

23    of all payments made from the trust accounts in satisfaction with the claims made against the

24    Bonds.

25    ///

26    ///

27    ///

28    ///

ORDER GRANTING GREAT AMERICAN INSURANCE                CASE NO. 1:06-CV-00392-AWI-DLB
COMPANY'S MOTION FOR PRELIMINARY INJUNCTION

1    This Preliminary Injunction is effective immediately upon payment by Great American of a

2 $5,000.00 security.  Great American's undertaking in the amount of $ 5,000.00 must be filed by 4:00

3 p.m. on June 30, 2006 as provided by Federal Rule of Civil Procedure 65(c).[1]

4

5 IT IS SO ORDERED.

6 **Dated:    June 27, 2006**                    **/s/ Anthony W. Ishii**
  0m8i78                                        UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    [1]  At the hearing, Great American requested that the $10,000.00 posted on May 17, 2006, be

27 applied as a security for the preliminary injunction.   At the hearing, the court tentatively agreed to
   this request.   However, a review of the court's May 30, 2006 order issuing the writ of attachment

28 on Plaintiffs' real property reveals that the $10,000.00 previously posted was used as a security on
   the writ of attachment.   As such, it is unavailable to also secure this preliminary injunction.

ORDER GRANTING GREAT AMERICAN INSURANCE                    CASE NO. 1:06-CV-00392-AWI-DLB
COMPANY'S MOTION FOR PRELIMINARY INJUNCTION