James D. Curran, Esq.     SBN 126586
Jaime E. Godin, Esq.      SBN 233187
Wolkin · Curran, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:     (415) 982-9390
Facsimile:     (415) 982-4328

Attorneys for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>M.J. MENEFEE CONSTRUCTION, INC., a California corporation; MICHAEL J. MENEFEE, an individual; and DEBORAH MENEFEE, an individual,<br><br>  Defendants. | Case No. 1:06-CV-00392-AWI-DLB<br><br>ORDER TO SHOW<br>CAUSE RE CONTEMPT<br><br>Time: 1:30 p.m.<br>Date: September 5, 2006<br>Judge: Hon. Anthony W. Ishi |

TO DEFENDANTS MICHAEL J. MENEFEE and DEBORAH MENEFEE (collectively "the Menefees") AND TO EACH OF THEIR OFFICERS, AGENTS, SERVANTS, EMPLOYEES, ATTORNEYS, OR ANY OTHER PERSONS IN ACTIVE CONCERT OR PARTICIPATION WITH THEM:

WHEREAS:

Plaintiff GREAT AMERICAN INSURANCE COMPANY ("Great American") having presented to this Court sufficient grounds to initiate an ex parte contempt proceeding.

///

///

///

1.

IT IS HEREBY ORDERED THAT:

The Menefees appear at 1:30 p.m., on September 5, 2006, in the courtroom of the Honorable Anthony W. Ishii, located at 2500 Tulare Street, Fresno, California 93721, to show cause why they should not be held in contempt of this Court's order granting Great American's preliminary injunction issued on June 27, 2006 ("the Order"), mandating that the Menefees:

(1) Specifically perform the Collateral provisions of the Indemnity Agreement, requiring the Menefees to convey to Great American funds or property to serve as collateral in the total amount of $1,196,998.11;

(2) Specifically perform the Books and Records provisions of the Indemnity Agreement, requiring the Menefees to convey to Great American for examination and review:

- A current balance sheet detailing the Menefees' personal and assets and liabilities;
- Each of the Menefees' 2002, 2003, 2004, and 2005 Federal Income Tax Returns;
- Any and all personal information found within the Menefees' computers, computer disks, and hard drives. This also includes computers, computer disks, and hard drives which are no longer in use; and

(3) Be restrained and enjoined from dissipating, spending, or otherwise disposing of or encumbering any of their personal assets or property.

IT IS HEREBY FURTHER ORDERED THAT:

The Menefees show cause why Great American should not be granted the following relief:

(1) That the Menefees be found in contempt for failure to comply with the Order stating in pertinent part:

> (1) Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J. MENEFEE and DEBORAH MENEFEE, and each of them, and each of their officers, agents, servants, employees and attorneys and those in active concert or participation with Defendants or such persons, or any of them, are restrained and enjoined from dissipating, spending, or

2.

ORDER TO SHOW CAUSE RE CONTEMPT                                             CASE NO. 1:06-CV-00392-AWI-DLB

otherwise disposing of or encumbering any of their personal or corporate assets or property.

(2)     Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J. MENEFEE and DEBORAH MENEFEE, and each of them, specifically perform the Collateral provisions of the Indemnity Agreement, requiring Defendants to convey to Great American funds or property to serve as collateral in the total amount of $1,196,998.11.

(3)     Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J. MENEFEE and DEBORAH MENEFEE, and each of them, specifically perform the Books and Records provisions of the Indemnity Agreement, requiring Defendants to convey to Great American for examination and review:
- Complete copies of the Contracts relating to projects bonded by Great American ("the Projects"), including their plans and specifications, along with any modifications including but not limited to all change orders (approved and pending);
- Copies of all pay requests relating to the Projects and any checks issued by the obligees for work performed under the Contracts;
- Copies of all pay requests, invoices, purchase orders and the like from subcontractors and suppliers on the Projects, as well as all payments made to subcontractors and suppliers; and a current accounting of any unpaid balances owed by M.J. Menefee Construction, Inc. ("Menefee Construction") to them, including retainage;
- Copies of all correspondence between Defendants, the Obligees, and /or others relating to the performance of the Projects;
- Copies of all reports, meeting minutes, schedules, claim/daily logs, change order logs, requests for information and/or other information relevant to the projects;
- A comprehensive listing of all the uncompleted work remaining to be performed on the Projects as well as any assessments of deficiencies in the Projects' plans and specifications;
- A comprehensive listing of all the suppliers and subcontractors used for completing any of the Projects.  The information should contain the company name, address, telephone number, fax number, contact person, scope of work, time for completion, value of the subcontract/purchase order and any presently known areas of contention;
- A comprehensive listing of all unasserted and/or unapproved modifications, claims and/or change orders that Menefee Construction has asserted or may assert against the Obligees in relation to the projects, including Menefee Construction's claims against any related bonds;
- Documentation including, but not limited to, correspondence between Defendants and subcontractors and obligees, memorandums, written agreements, project reports, invoices, pay requests, offsets, or backcharges;
- Documentation including, but not limited to, correspondence between Defendants and subcontractors and obligees, memorandums, written agreements, project reports, invoices, and pay requests that support any and all defenses Great American may have to the claims made on the Bonds.
- A current balance sheet detailing Defendants' personal and corporate assets and liabilities;
- Each of Defendants' 2002, 2003, 2004, and 2005 Federal Income Tax Returns;

3.

•	Menefee Construction Insurance information;
•	A current work-in-progress report detailing your current accounts receivable;
•	Payroll reports detailing all Menefee employees working on the Projects; and
•	Any and all corporate or personal information found within Defendants' computers, computer disks, hard drives.  This also includes computers, computer disks and hard drives which are no longer in use by Defendants.

(4)	Defendants M.J. MENEFEE CONSTRUCTION, INC., MICHAEL J. MENEFEE and DEBORAH MENEFEE, and each of them, to specifically perform the Trust Funds provisions of the Indemnity Agreement, requiring Defendants to deposit all funds received from payments on each of the foregoing projects to designated trust accounts set up by Great American at City National Bank, 150 California Street, San Francisco, California 94111.

(5) Great American is authorized to use the funds deposited in the trust accounts set up by Great American at City National Bank, 150 California Street, San Francisco, California 94111 to pay valid claims made against the Bonds.  Great American will provide an accounting of all payments made from the trust accounts in satisfaction with the claims made against the Bonds; and

(2)	That this Court issue the following sanctions against the Menefees:

• That the Menefees be required to immediately produce to Great American all personal financial records as required under the Order, including, but not limited to:  a current and detailed balance sheet detailing the Menefees' personal assets and liabilities; bank account information (both checking and savings accounts); consumer credit account information; personal and family trust information; the Menefees' 2002, 2003, 2004 and 2005 Federal Income Tax Returns; and any and all personal information found within the Menefees' computers, computer disks, and hard drives (this also includes computers, computer disks, and hard drives which are no longer in use);

• That the Menefees also be required to immediately produce to Great American any and all information pertaining to or illustrating the Menefees' relationship with L G R including, but not limited to:  the Menefees' contact person at L G R, any current or past relationship between the Menefees and

4.

   L G R, any current or past relationship between the Menefees and L G R's agent for service of process, Michael Tobiason, the names of any known officers or employees of L G R, and the names of any known shareholders of L G R; and

- That the Menefees be required to immediately produce to Great American any and all information pertaining or relating to the transfer of real property from Michael Menefee to L G R Corporation, including, but not limited to, the following parcels of real property:

    (1) 9768 South Leonard Avenue, Selma, California 93662, Assessor's Parcel Number 348-074-07;

    (2) 9754 and/or 9714 South Leonard Avenue, Selma, California 93662, Assessor's Parcel Number 348-074-06; and

    (3) 2 acres vacant residential land, Assessor's Parcel Number 348-250-01;

- That the information pertaining or relating to the transfer of real property from Michael Menefee from L G R should include, but is not limited to: all documents, information, correspondence, memorandums, notes, and e-mail messages relating to the Menefees' real property in any way, including, without limitation, copies of all escrow documents, closing statements, deeds, mortgages, notes, deeds of trust, releases and/or reconveyances, including documentation evidencing the source(s) of any funds involved in the release and/or reconveyance, good faith estimates, mortgage applications, including any supporting documentation provided to lender(s) or prospective lender(s), affidavits, title insurance reports and/or policies, purchase contracts, including all offer(s) and all counteroffer(s), all bank records and other records and information regarding the source of the funds involved in the purchase of this property, all federal, state or local tax returns, including all supporting schedules, documentation regarding any improvements and/or

1  alterations which have been made to the properties, the contact information
2  of any brokers or agents involved in the real property transactions, any
3  advertisements relating to the real property transactions, and any and all
4  information concerning the properties found within the Menefees' computers,
5  computer disks, and hard drives (this also includes computers, computer
6  disks, and hard drives which are no longer in use);
7  • That all of the above-requested information be produced to Great American
8  by 9:00 a.m., on September 8, 2006, at the Law Offices of Wolkin Curran, LLP,
9  located at 555 Montgomery Street, Suite 1100, San Francisco, California
10 94111; and
11 • If the Menefees fail to produce all of the above-requested information to
12 Great American by September 8, 2006, that this Court authorizes a United
13 States Federal Marshall to collect all of the above information from
14 the Menefees' residence, located at 9754 South Leonard, Selma, California,
15 93662, and from the Menefees' place of business, located at 9768 South
16 Leonard, Selma, California, 93662.

17 IT IS FURTHER ORDERED THAT:

18 This Order to Show Cause shall be served on the Menefees via mail, facsimile and
19 electronically to ensure formal notification of the contempt charge and the time and place of
20 the hearing no later than August 23, 2006. Proof of such service shall be filed with the Court
21 that same day.

22 Any opposition papers to the Order to Show Cause shall be filed and served on Great
23 American via mail, facsimile and electronically no later than August 28, 2006. Any reply
24 papers to the opposition shall be filed and served on the Menefees via mail, facsimile and
25 electronically no later than August 30, 2006.

26 IT IS SO ORDERED.

27 **Dated:   August 18, 2006**          **/s/ Anthony W. Ishii**
   0m8i78                                  UNITED STATES DISTRICT JUDGE
28