IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br>  v.<br><br>M.J. MENEFEE CONSTRUCTION, INC., a California Corporation; MICHAEL J. MENEFEE, an individual; and DEBORAH MENEFEE, an individual,<br><br>    Defendants. | CV F 06-0392 AWI DLB<br><br>ORDER GRANTING GREAT AMERICAN'S MOTION TO DISMISS AND STRIKE COUNTERCLAIM<br><br>(Document #57) |

## BACKGROUND

On April 6, 2006, Plaintiff Great American Insurance Company ("Great American") filed a complaint for Breach of Contract; Specific Performance of Written Indemnity Agreement; Quia Timet; and Injunctive Relief.   The complaint alleges that Defendants Michael Menefee and Defendant Deborah Menefee ("Defendants Menefee") signed an indemnity agreement whereby Defendants Menefee agreed to defend and indemnify Great American from and against any and all liability in exchange for Great American insuring performance bonds on behalf of Defendant Menefee Construction.   Claims have been made against the bonds, and Great American filed this action seeking indemnity.

On June 7, 2006, the Clerk of the Court entered Default against Defendants Menefee and

Defendant Menefee Construction.

On June 28, 2006, Defendant Michael Menefee filed a counterclaim, which was erroneously labeled as a cross-complaint. The counterclaim alleges claims for breach of the implied covenant of good faith and fair dealing, unfair or deceptive actions, and failure of contractual obligations.

On July 10, 2006, Great American filed a motion to dismiss and/or strike the counterclaim. When no party filed an opposition to Great American's motion, the court took the motion under submission.

## LEGAL STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. 984 F.2d at 1527. Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. Id.

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d

1   696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a
2   cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.
3   Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a
4   motion to dismiss, the court must accept as true the allegations of the complaint in question,
5   Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in
6   the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's
7   favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).

**DISCUSSION**

**A. Which Defendants filed the Counterclaim**

The counterclaim is signed by Defendant Michael Menefee, in pro se.   Neither Defendant Deborah Menefee, in pro se, nor an attorney acting on behalf of either Defendant Deborah Menefee or Defendant Menefee Construction signed the counterclaim.  It appears from the body of the counterclaim that it was intended to be brought by all Defendants, including Defendant Menefees and Defendant Menefee Construction.

Litigants in federal court have a statutory right to choose to act as their own counsel. 28 U.S.C. § 1654.  Although a non-attorney may appear in pro se in his or her own behalf, that privilege is personal.  McShane v. United States, 366 F.2d 286, 288 ((9th Cir.1966).  "A litigant appearing in propria persona has no authority to represent anyone other than himself [or herself]."  Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962).  Non-attorney litigants may not represent others.  Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997); Church of the New Testament v. U.S., 783 F.2d 771, 774 (9th Cir. 1986).  As such, Defendant Michael Menefee only could file a counterclaim on behalf of himself.  To the extent the counterclaim has been filed on behalf of any other Defendant, the counterclaim must be stricken.   Defendant Michael Menefee cannot represent either Defendant Deborah Menefee or Defendant Menefee Construction.

In addition, the court notes that a non-lawyer may not represent entities, such as a

3

corporation, partnership, or association. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). A non-lawyer cannot represent a corporation, and a corporation cannot represent itself as a pro se plaintiff. Local Rule 83-183(a); see also Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). Thus, Defendants are advised that Defendant Menefee Construction cannot file any document in this action unless it is represented by an attorney.

**B. Timeliness of Counterclaim**

Great American contends that the counterclaim must be dismissed and/or struck because it was filed after the Clerk of the Court entered Default against Defendant Michael Menefee.

On May 30, 2006, Great American filed requests for the Clerk of the Court to enter default against all Defendants for their failure to respond to the complaint. On June 7, 2006, the Clerk of the Court entered default against all Defendants, including Defendant Michael Menefee. On June 28, 2006, Defendant Michael Menefee filed the counterclaim.

The Clerk of Court's entry of default cuts off Defendants' rights to appear in this action, file counterclaims, or to present a defense. Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927); see also Cohen v. Murphy, 2004 WL 2779942, *1 (N.D.Cal. 2004) ("Entry of the defendants' default cuts off their right to appear in the action or to present evidence"); Newhouse v. Probert, 608 F.Supp. 978, 985 (D.C.Mich. 1985) ("When a party is in default the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing"); In re Uranium Antitrust Litigation, 473 F.Supp. 382, 386 (D.C. Ill. 1979) ("the defaulting defendant loses his standing to defend on the merits . . ."). Entry of a defendant's default cuts off a defendant's right to appear in an action or to present evidence. Schwarzer et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 6:42 (2004). A defendant's remedy if a defendant wants to set aside default and defend an action, including the filing of counterclaims, is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Thus, Defendant Michael Menefee's counterclaim must be stricken because it was filed after default had been entered.

**ORDER**

Accordingly, the court ORDERS that:

1. Great American's motion to dismiss and/or strike the counterclaim, erroneously labeled a cross complaint, is GRANTED; and

2. Defendant Michael Menefee's counterclaim, Document # 47 in this action, is STRICKEN from the record.

IT IS SO ORDERED.

**Dated:**   **August 29, 2006**              /s/ Anthony W. Ishii
9h0d30                                       UNITED STATES DISTRICT JUDGE