# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | 1:06cv0392 AWI DLB |
| Plaintiff, | ORDER RE GREAT AMERICAN'S DISCOVERY REQUESTS |
| v. | |
| M.J. MENEFEE CONSTRUCTION, INC., et.al., | |
| Defendants. | |

On September 11, 2006, the Honorable District Court Judge Anthony W. Ishii referred this matter to the undersigned to resolve certain discovery disputes that arose in connection with Plaintiff Great American Insurance Company's ("Great American") efforts to obtain discovery ordered by the Court in its June 27, 2006 Order granting Great American's motion for preliminary injunction and requests for discovery. On September 22, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. James Curran appeared on behalf of Great American. Defendants Michael Menefee and Deborah Menefee appeared pro se (collectively Defendants).

# BACKGROUND

On April 6, 2006, Great American filed suit against Defendants in this Court for Breach of Contract, Specific Performance of Written Indemnity Agreement, Quia Timet and Injunctive Relief. This action was brought to enforce Great American's rights to reimbursement as a surety under an Indemnity Agreement. Demands for indemnification, reimbursement and collateral were allegedly made but Great American contends Defendants provided no indemnity, reimbursement or collateral. On June 7, 2006, the Clerk of Court entered the default of Mr. and Mrs. Menefee.

Great American contends that Mr. Menefee has significant assets in the form or several pieces of real property in which he is required give a security interest to Great American pursuant to the terms of the Indemnity Agreement. Great American alleges that Mr. Menefee transferred those properties to an entity known as "LGR" after he received notice of Great American's motion for writs of attachment. On May 30, 2006, Judge Ishii executed an Ex Parte Right to Attach Order and Order for Writ of Attachment against the Menefees, prohibiting them from transferring or encumbering any interest in their non-exempt real property, pending adjudication of the allegations in the complaint in this case. Great American contends that the Menefees and their former attorney failed to inform Judge Ishii or Great American at that hearing that the properties had already been transferred. On June 27, 2006, Judge Ishii granted Great American's motion preliminary injunction. Great American contends that the Menefees have failed to comply with the following provisions of that Order:

 1. Refrain from dissipating their assets;
 2. Collateralize Great American in the amount of $1,196,998.11; and
 3. Provide Great American with access to their personal books and records.

On August 3, 2006, Great American requested that Judge Ishii hold the Menefees n contempt for failing to comply with the Order. Judge Ishii held a contempt hearing on September 5, 2006 wherein he ordered the Menefees to produce all the documents listed in the Order as well as any additional documents requested by Great American. Great American contends that only some of the documents have been produced. On September 11, 2006, Judge

Ishii ordered that discovery commence in this action and referred the pending discovery disputes to the undersigned for resolution.

## DISCUSSION AND ORDER

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

At the hearing held on September 25, 2006, the parties were able to agree to a schedule for production of documents as follows, the Court now adopts the agreement as its Order:

1. Discovery is this matter is to commence forthwith;

2. Beginning October 2, 2006 at 10:00 a.m. at their place of business located at 9768 South Leonard, Selma California 93662, the Menefees shall make available for Great American's inspection and copying, the following:

    a. All personal financial records including, but not limited to: a current and detailed balance sheet detailing personal assets and liabilities; bank account information (both checking and savings); consumer credit account information; personal and family trust information; and any and all personal information found within the Menefees' computers, computer disks and hard drives;

    b. Any and all information pertaining to or illustrating the Menefees' relationship with LGR, including the Menefees' contact person at LGR, any current or past relationship between the Menefees and LGR, any current or past relationship between the Menefees and LGR's agent for service of process, Michael Tobiason, and the names of any known officers, employees or shareholders of LGR;

    c. Any and all information pertaining to the transfer of the following parcels of real property:

    (1) 9768 South Leonard Avenue, Selma, California 93662, Assessors Parcel Number 348-074-07;

    (2) 9754 and/or 9714 South Leonard Avenue, Selma, California 93662, Assessors Parcel Number 348-074-06; and

    (3) 2 acres of vacant residential land, Assessor's Parcel Number 348-250-01; and

  d. Any and all information pertaining to the transfer of real property from Michael Menefee to LGR;

3. The inspection and copying of documents shall continue until 5:00 p.m. on October 2, 2006 and continue on October 3, 2006 from 9:00 a.m. to 5:00 p.m.

4. Great American will be allowed to copy data on computer hard drives at the place of business and, if necessary to retrieve the data, take possession of the damaged computer hard drive, in which case Great America shall make a copy of any data retrieved and provide it to the Menefees;

5. The Menefees shall execute the Internal Revenue Service Form 4506 which shall be presented to them by Great American on October 2, 2006 and which shall authorize the Internal Revenue Serve to forward authenticated copies of the Menefee's 2002, 2003, 2004 and 2005 tax returns to Great America;

6. Great American is may issue subpeonas to the following financial institutions to obtain personal financial information concerning the Menefees and the Menefees shall execute any documents necessary to ensure compliance by the institutions:

  a. Bank of America, 128 N. 6th Street, Fowler, California;

  b. Golden 1 Credit Union, 5280 N. Jackson Avenue, MS SU36, Fresno, California;

  c. Wells Fargo Bank, 5642 E. Kings Canyon Road, Fresno, California;

  d. Washington Mutual, 601 O Street, Sanger, California;

  e. Westamerica Bank, 3700 McCall Avenue, Selma, California;

  f. Union Bank of California, located at 2110 High Street, Selma, California;

  g. Bank of America, located at 2100 Arrants Street, Selma California;

  h. Bank of the West, located at 510 J. Street, Parlier, California;

  I. Bank of American, located at 1490 Draper Street, Kingsburg, California;

  j. Westamerica Bank, located at 1400 Draper Street, Kingsburg, California

  k. Westamerica Bank, located at 1601 7th Street, Sanger, California;

  l. Citibank, located at 1500 7th Street, Sanger, California;

  m. US Bank, located in or around Fresno, California;

  n. Morgan Stanley, located at 9 River Park East, Suite 400, Fresno, California.

7. Great American may issue subpoenas to the following financial institutions in connection with the Menefees admitted banking and consumer credit accounts and the Menefees agree execute any documents necessary to ensure compliance by the institutions:

  a. Capital One Platinum Mastercard in the name of Deborah A. Menefee, Account No. 5278 0522 0292 8913;

  b. MBNA American Quarter Horse Association Account in the name of Michael J. Menefee, Account No. 4800 1271 3903 3018;

  c. MBNA Account No. 5329 0319 6532 2231;

  d. Harley Davidson High Performance Visa in the name of Michael Menefee, Account No. 4190 0403 3562 1692;

  e. Sears Premier Card in the name of Michael J. Menefee, Account No. 00 51689 060351;

  f. Victoria's Secret Angel Credit Card in the name of Deborah A. Menefee, Account No. 891 635 567;

5

   g. Gottschalks Credit Card, Account No. 247 6011 0021 4707;

   h. Nordstrom Credit Card, Account No. 2033 85 640;

   I. Macy's Credit Card in the name of Deborah Menefee, Account No. 45 027 308 914 0;

   j. Newport News Credit Card, Account No. 77 1417 314 8; and

   k. US Bank, Account No. 4190 0402 3562 1692

8. Great America may subpoena the banking and consumer credit records for the names it has reason to believe the Menefees have used in the past which it maintains include the following names: Michael J. Menefee, Deborah A. Menefee, Deborah A. Lee, Deborah A. Watson and Deborah A. Savage;

9. Great America may immediately notice the depositions (with production of documents) of the following persons:

   a. Michael Menefee;

   b. Deborah Menefee;

   c. Don Hays, alleged president of LGR; and

   d. Michael Tobiason, registered agent for service of process of LGR and

10. The Menefees shall provide Great America with the physical addresses for Mr. Hays and Mr. Tobiason.

Great American's request for sanctions is HEREBY DENIED;

IT IS SO ORDERED.

**Dated: September 27, 2006**      **/s/ Dennis L. Beck**
3b142a                UNITED STATES MAGISTRATE JUDGE