1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GREAT AMERICAN INSURANCE
COMPANY,

                                    Plaintiff,

          v.

M.J. MENEFEE, et al.,

                                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:06cv0392 LJO DLB

FINDINGS AND RECOMMENDATION
GRANTING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT

(Document 117)

          Plaintiff Great American Insurance Company ("Plaintiff") filed the instant motion for
default judgment on June 17, 2008.  The matter was heard on July 25, 2008, before the
Honorable Dennis L. Beck, United States Magistrate Judge.  James D. Curran appeared on behalf
of Plaintiff.  Defendant Deborah Menefee appeared on her own behalf.  Although Ms. Menefee
indicated that she retained counsel, counsel did not appear.

                                    **BACKGROUND**

          Plaintiff filed the instant action on April 6, 2006, against Defendants M.J. Menefee
Construction, Inc., Michael J. Menefee and Deborah Menefee.  The complaint is based on
Defendants' alleged breach of an Agreement of Indemnity dated October 25, 2001 ("Indemnity
Agreement"), and alleges causes of action for Breach of Contract, Specific Performance, Quia
Timet and Injunctive Relief.

On April 28, 2006, Plaintiff filed Certificates of Service demonstrating completed service. Defendant Deborah Menefee, the subject of Plaintiff's motion for default judgment, was personally served on April 12, 2006.

On June 7, 2006, pursuant to Plaintiff's request, the Clerk entered default against all Defendants. Also on June 7, 2006, the Court issued a writ of attachment as to Defendants Michael and Deborah Menefee in the amount of $903,830.54.

The Court granted Plaintiff's motion for preliminary injunction on June 28, 2006, and ordered that Defendants (1) be "restrained and enjoined from dissipating, spending, or otherwise disposing of or encumbering any of their personal or corporate assets or property," (2) specifically perform the Collateral provision of the Indemnity Agreement, requiring Defendants to convey to Great American funds or property to serve as collateral in the total amount of $1,196,998.11; (3) specifically perform the Books and Records provisions of the Indemnity Agreement, requiring Defendants to convey documents to Great American for examination and review; and (4) specifically perform the Trust Funds provisions of the Indemnity Agreement, requiring Defendants to deposit all funds received from payments on each of the specified projects.

The Menefees have appeared at various times throughout this proceeding, but have not sought to cure their default.

On June 17, 2008, Plaintiff filed a motion for default judgment against Deborah Menefee. Plaintiff seeks judgment in the amount of $2,481,312.90, as well as attorneys' fees and costs in the amount of $2,293.07.

## FACTS AND CAUSES OF ACTION ALLEGED IN THE COMPLAINT

According to the complaint, the parties entered into an Indemnity Agreement on October 25, 2001, as partial consideration for Plaintiff's agreement to issue bonds on Defendants' behalf. Under the Indemnity Agreement, Defendants promised to exonerate, indemnify, hold harmless and keep Plaintiff indemnified from and against any and all liability for losses, costs and/or expenses on the bonds and payment of the bond premiums by Defendants. The Complaint sets

forth, in full, the Indemnity/Exoneration, Assignment, Trust Funds, Joint Checks and Books and Records provisions of the Indemnity Agreement.

The Complaint alleges that after execution of the Indemnity Agreement, Defendants entered into various construction contracts.  Pursuant to the requirements of the contracts, the parties executed various labor and materials payment bonds, performance bonds and license bonds ("the Bonds").  Certain obligees and claimants subsequently alleged that Menefee defaulted on certain performance and payment obligations under various contracts and bonds, and as a result, Plaintiff has incurred significant losses, costs and/or expenses investigating, defending and/or paying the claims against the Bonds.

The First Cause of Action for Breach of the Indemnity Agreement alleges that Defendants, after written request, failed to exonerate, indemnify and hold harmless Plaintiff, failed to make payments to Plaintiff after liability existed or was asserted against Plaintiff under the Bonds, failed to deposit collateral with Plaintiff, failed to open a trust account for the deposit of funds, failed to designate payment checks as jointly payable to Plaintiff, and failed to allow Plaintiff to examine and copy their books, records and accounts.  Plaintiff alleges damages in excess of $175,000, in an amount to be proven at trial, and requests interest thereon, as well as attorneys' fees and costs.

For the Second Cause of Action, Plaintiff requests Specific Performance of the cited Indemnity Agreement provisions.  Plaintiff also requests that Defendants be required to convey collateral in the form of funds or property to Plaintiff, in the amount of $946,499.54.

In the Third Cause of Action for Quia Timet, Plaintiff alleges that Defendants' failure to provide collateral indicates that they are incurring losses and will not be able to indemnify it for any losses under the Bonds, causing irreparable harm.

In the Fourth Cause of Action for Injunctive Relief, Plaintiff seeks to prevent Defendants from selling assets and to require Defendants to perform the remaining provisions under the Indemnity Agreement.

1

**DISCUSSION**

2

A.   <u>Legal Standard</u>

3

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure

4

55(b)(2), which provides that judgment may be entered:

5

> (2) By the Court.  In all other cases the party entitled to a judgment by default

6

> shall apply to the court therefor; but no judgment by default shall be entered
> against an infant or incompetent person unless represented in the action by a

7

> general guardian, committee, conservator, or other such representative who has
> appeared therein. If the party against whom judgment by default is sought has
> appeared in the action, the party (or, if appearing by representative, the party's

8

> representative) shall be served with written notice of the application for judgment

9

> at least 3 days prior to the hearing on such application. If, in order to enable the
> court to enter judgment or to carry it into effect, it is necessary to take an account

10

> or to determine the amount of damages or to establish the truth of any averment
> by evidence or to make an investigation of any other matter, the court may

11

> conduct such hearings or order such references as it deems necessary and proper
> and shall accord a right of trial by jury to the parties when and as required by any
> statute of the United States.

12

13

"Upon default, the well pleaded allegations of the complaint relating to liability are taken

14

as true." <u>Dundee Cement Co. v. Highway Pipe and Concrete Products</u>, 722 F.2d 1319, 1323 (7th

Cir. 1983); <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t

15

the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed

16

admitted."  10 J. Moore, <u>Moore's Federal Practice</u> §55.11 (3d ed. 2000).

17

Factors which may be considered by courts in exercising discretion as to the entry of a

18

default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of

19

plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

20

the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

21

due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

22

Procedure favoring decisions on the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th

23

Cir. 1986).

24

Defendant Deborah Menefee was served with the complaint on April 12, 2006.  The

25

Clerk entered default on June 7, 2006.  Defendant is not an infant or incompetent person, and is

26

not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief

27

28

4

1  Act of 1940.  Declaration of James D. Curran ("Curran Dec."), ¶ 7.  Accordingly, default was

2  entered on June 7, 2006.

3      Turning to the factors noted above, Plaintiff contends that Deborah Menefee is financially

4  insolvent, and that without default judgment, it will have no recourse for recovery of losses on

5  the Bonds.  Plaintiff recently initiated a wide-scale investigation into Ms. Menefee's personal

6  assets, and learned that she is in debt to other creditors and has very few assets suitable for

7  collateralizing Plaintiff against its losses.  Curran Dec., ¶ 13.

8      The allegations in Plaintiff's complaint are sufficient and the merits of its substantive

9  claims are strong.

10     Finally, even though Defendant has made numerous appearances throughout this action,

11  including her appearance at the hearing on this motion, there is no evidence that her default was

12  due to excusable neglect.  Defendant has been aware of this action for years and has been warned

13  that she cannot affirmatively participate unless she moves to set aside the entry of default.

14  Defendant has not done so.

15     Ms. Menefee also informed the Court that she retained an attorney the day prior to the

16  hearing.  Although counsel did not make an appearance, she submitted a letter to the Court

17  requesting that the motion be continued 30 days.  The Court received the letter after the hearing,

18  regardless, such requests must be submitted by counsel of record and made by stipulation or

19  noticed motion.  Local Rule 78-230.

20     Having read and considered the declarations, pleadings and exhibits to the present

21  motion, the Court finds that Plaintiff's motion for default judgment should be granted in the

22  amount of $2,481,312.90.  This amount represents Plaintiff's total loss on the Bonds since May

23  31, 2008, and is well documented.  Declaration of Thomas Pettygrove ("Pettygrove Dec."), ¶ 6.

24     Although Plaintiff requests $2,126.19 in attorneys' fees and costs, it also indicates that it

25  will file a separate motion for attorneys' fees and costs pursuant to California Civil Code section

26  1717.  The Court will therefore defer a ruling on attorneys' fees and costs until a subsequent

27  motion is filed.

28

1

**RECOMMENDATION**

2  For the reasons discussed above, the Court RECOMMENDS that:

3  1. Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant

4    Deborah Menefee be GRANTED; and

5  2. Plaintiff be AWARDED monetary damages in the amount of $2,481,312.90.

6  This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

7 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

8 and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

9 District of California.  Within twenty (20) days after being served with a copy, any party may file

10 written objections with the court and serve a copy on all parties.  Such a document should be

11 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will

12 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

13 advised that failure to file objections within the specified time may waive the right to appeal the

14 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16  IT IS SO ORDERED.

17  **Dated:** <u>**August 3, 2008**</u>   <u>**/s/ Dennis L. Beck**</u>

18             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28